IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|  |  |
|---|---|
| JASON M. URBASSIK,<br><br>    Plaintiff<br><br>v.<br><br>VENANGO COUNTY PRISON, et al.,<br><br>    Defendants | 1:25-cv-00070-SPB-RAL<br><br>SUSAN PARADISE BAXTER<br>United States District Judge<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>Report and Recommendation |

I.    Report

Plaintiff Jason Urbassik initiated this civil rights action by filing a *pro se* complaint in the Court of Common Pleas of Venango County.  ECF No. 1.  Defendants filed a timely Notice of Removal on March 17, 2025.  *Id.*  For the reasons that follow, it is respectfully recommended that the Court should dismiss Urbassik's complaint as frivolous and for failure to state a claim pursuant to its screening authority under 28 U.S.C. § 1915(e).

II.    Recommendation

A.  Background

In his original pleading, Urbassik alleged that, following his arrest and transfer to the Venango County Prison, unidentified prison officials used a false allegation to place him in administrative segregation, forced him to sleep on the floor of an occupied cell, and denied him clergy visits and other religious practices.  ECF

1

No. 1-3 ¶ 10.  Plaintiff also alleged that his detainment was unlawful and stemmed

from a conspiracy between various Venango County employees to "erase him from the

community, permanently." *Id*. ¶¶ 12-17.  Rather than sue the individuals responsible

for the alleged misconduct, Plaintiff named the Venango County Prison and Venango

County Court of Common Pleas as defendants in this action.  *Id.*

On April 29, 2025, the Court screened Urbassik's complaint pursuant to 28

U.S.C. § 1915A and observed that he had failed to identify a viable defendant.  ECF

No. 6.  Citing well-established caselaw, the Court explained that neither a county

prison nor a Court of Common Pleas is a "person" that can be sued under 42 U.S.C §

1983.  ECF No. 6 at p. 2.  *See, e.g.*, *Lenhart v. Pennsylvania*, 528 Fed. Appx. 111, 114

(3d Cir. 2013) (county prison "is not a person capable of being sued within the

meaning of § 1983"); *Walker ex rel. Estate of Walker v. Stern*, 525 Fed. Appx. 84, 87

(3d Cir. 2013) ("[W]e agree that the Philadelphia Court of Common Pleas is immune

from suit by virtue of the Eleventh Amendment, and that it is not a person subject to

suit under § 1983.").  Rather than recommend dismissal at that time, however, the

Court offered Urbassik an opportunity to file an amended complaint and provided the

following instructions:

> Plaintiff must name and identify the **individual employees,
> officials, or entities** responsible for his injuries and provide
> **specific details** as to how each was involved in the deprivation
> of his civil rights.  Plaintiff should be as specific as possible about
> the particulars of his claim as it pertains to each defendant.
> This description should include references to relevant dates,
> times, and locations, and should explain to the Court how each
> defendant's behavior, action, or inaction contributed to the
> alleged violation.

2

*Id.*

Urbassik failed to respond within the allotted timeframe, prompting the Court to issue an order directing him to show cause for his failure to submit an amended pleading.  ECF No. 7.  Shortly thereafter, Urbassik contacted the Court and indicated that he needed to file a change of address.  Urbassik submitted a change of address form on August 22, 2025.  ECF No. 10.  Because he still had not submitted an amended pleading, the Court issued a second show cause order on October 1, 2025, offering Urbassik a final opportunity to submit an amended pleading that complied with the Court's prior screening order.  ECF No. 13.

Urbassik responded by filing three documents on October 23, 2025.  In the first, docketed as a "motion for amended pleading," Urbassik insists that his complaint be filed "in its original intent, with the primary defendant being the Venango County Court of Common Pleas, not the Venango County Prison."  ECF No. 14.

Urbassik's second filing, while not characterized as a complaint, provides a more comprehensive factual summary of the circumstances surrounding his arrest. Urbassik states that he was accosted by police while riding his bike near a Dollar General store in Polk, Pennsylvania, on July 21, 2024.  ECF No. 15 at p. 2.  Prior to the police encounter, Urbassik had been "[riding] through the community announcing that 'They shot the President, buy all the guns and ammo you can, this country will be at civil war in 6-8 months.'"  *Id.*  Pennsylvania State Police officers approached and attempted to arrest Urbassik but he "walked away from them" because they had "no charge."  *Id.*  He then walked to his uncle's house and back to his own house

without being arrested (although the "entire troop of Venango County PSP" and "two borough officers" were on the scene). *Id*. At some point thereafter, officers removed him from his home, questioned him, threw him on the ground, cuffed him, arrested him, and transported him to the Venango County Prison based on an alleged parole detainer. *Id*. at pp. 2-3. Urbassik states that this was unlawful because his arrest was "adverse to state protocols and procedure" and his detention was not supported by a valid charge. *Id*. He also accuses an unidentified official at the Venango County Prison of interfering with his mail delivery and placing him in administrative segregation. *Id*. at p. 3. Although he does not identify any individual actors, Urbassik expresses a vague intent to name "the entire troop of Venango County PSP," "two borough officers," and "[his] parole agent" as defendants. *Id*. His narrative unravels from there, devolving into nebulous accusations of a "high level conspiracy" among state and federal governmental actors and grandiose pronouncements such as the following:

> It is my intention to raise myself into government with the lawsuit and then present my dossier for Pulitzer Prize & Nobel Peace Prize consideration. My four star investigation will be what ends corruption in our government. I aspire to be Secretary of the Interior and stop the Black New World Order from operating inside of the country. Stopping the New World Order and taking my final draft of the life master plan to the Vatican City in Italy and be recognized by the Pope and the Holy Roman Catholic Church as the rightful heir to the throne of England.

*Id*.[1]

---

[1] Urbassik has also attached an "exhibit" that consists of two pages of doodles and an indecipherable hand-drawn diagram that appears to depict a hierarchy of federal agencies. ECF No. 15-1.

Urbassik's final submission consists of a response to the Court's show cause order in which he states that he never received notice of this action being removed to federal court or any of the filings that took place thereafter.  ECF No. 16.  He attributes this to "corrupt government" and "underhanded and behind the back bullshit."  *Id*.  He reiterates that the only entity he intended to file suit against is the Venango County Court of Common Pleas.  *Id*.

B.  Standard of review

Because Plaintiff is seeking redress "from a governmental entity or officer or employee of a governmental entity," his pleadings are subject to the screening provisions in 28 U.S.C. § 1915A.[2]  In pertinent part, § 1915A provides that a court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(2).  A frivolous complaint is one which is either based upon an indisputably meritless legal theory (such as when a defendant enjoys immunity from suit) or based upon factual contentions which are clearly baseless (such as when the factual scenario described is fanciful or delusional).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  The determination as to whether a complaint fails to state a claim upon which relief may be granted is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[2] Because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).  Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997).

*D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

    C. Analysis

A successful § 1983 plaintiff must ultimately prove that a defendant, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). As this Court has previously advised Urbassik, a state court, such as the Venango County Court of Common Pleas, is not a "person" that can be sued under § 1983. *Walker*, 525 Fed. Appx. at 87. Neither is a county prison. *Lenhart*, 528 Fed. Appx. at 114. Despite being advised of this well-settled principle of law, Urbassik has twice insisted that his complaint be filed "in its original intent, with the primary defendant being the Venango County Court of Common Pleas." ECF No. 14. *See also* ECF No. 16 ("The plaintiff's lawsuit was against the Venango County Court of Common Pleas . . ."). Dismissal is warranted on that basis alone.

To the extent that Urbassik's latest filings could be construed as an attempt to reframe his allegations into claims for unlawful arrest and detention,[3] he has failed to identify the alleged wrongdoers with sufficient detail to move forward. It is axiomatic that a successful § 1983 plaintiff must ultimately show that "each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights." *Fields v. Klemm*, 2023 WL 8282759, at \*2 (W.D. Pa. Nov. 30, 2023) (quoting *Evancho v.*

---

[3] As noted above, Urbassik's latest submissions are contradictory in this regard. His filing at ECF No. 15 floats the possibility of naming several police officers as defendants, but his filings at ECF Nos. 14 and 16 firmly reiterate that his only intended defendant is the Venango County Court of Common Pleas. The Court addresses both scenarios out of an abundance of caution.

*Fischer*, 423 F.3d 347, 353 (3d Cir. 2006)). Urbassik's vague suggestion that "the entire troop of Venango County PSP," "two borough officers," and a "parole officer" collectively violated his rights falls short of this standard. In the absence of specific allegations that each defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g., Fields*, 2023 WL 8282759, at *2 ; *Mearin v. Swartz*, 951 F.Supp.2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation).

Even if Urbassik could identify potentially viable defendants, his claims fail as a matter of law. To bring a claim for false arrest, "a plaintiff must establish 'that there was an arrest' and 'that the arrest was made without probable cause.'" *Simmons v. Pennsylvania*, 2025 WL 2176644, at *3 (W.D. Pa. July 9, 2025) (quoting *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020)). A claim for false imprisonment requires proof that the plaintiff was detained and that the detention "was unlawful." *James v. City of Wilkes-Barre*, 700 F.3d 675, 682 (3d Cir. 2012). Each claim "necessarily fail[s] if probable cause existed for any one of the crimes charged against the arrestee." *Harvard*, 973 F.3d at 199.

A review of the Court of Common Pleas' docket for the state court criminal case arising out of Urbassik's July 2024 arrest indicates that he ultimately pled guilty to one count of criminal harassment. *See Commonwealth v. Jason M. Urbassik*, Case No. CP-61-CR-000042-2024. Although Urbassik argues that there was no valid basis

for his arrest, the Court may take judicial notice of the fact that Urbassik ultimately pled guilty to at least one criminal charge arising out of that arrest. That guilty plea conclusively establishes probable cause for his arrest and confinement for purposes of a § 1983 cause of action. *Id.* (citing *Tillman v. City of Coatesville*, 2018 WL 950111, at \*2 (E.D. Pa. Feb. 16, 2018) (collecting cases for the proposition that "probable cause is conclusively established to exist at the time the arrest was made when there is a guilty plea or conviction")). Because that conviction has not been invalidated,[4] Urbassik's false arrest and false imprisonment claims should be dismissed. *Simmons*, 2025 WL 2176644, at \*3; *Miller*, 2022 WL 17128634, at \*4.

D. Conclusion

For the foregoing reasons, this action should be dismissed as legally frivolous and/or for failure to state a claim in accordance with 28 U.S.C. § 1915(e). Moreover, while the Third Circuit has expressed a strong preference for permitting curative amendments, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002), the court "need not provide endless opportunities for amendment, especially where such opportunity already has been enjoyed." *Baker v. Moon Area Sch. Dist.*, 2018 WL 40571719, at \*8 (W.D. Pa. Aug. 27, 2018) (quoting *Taylor v. Pilewski*, 2008 WL 4861446, at \*3 (W.D. Pa. Nov. 7, 2008)). This is particularly true where amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Considering the deficiencies

---

[4] *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]").

identified in this order and the many proposed amendments already filed by Urbassik, the Court should conclude that further leave to amend would be plainly futile.

E.  Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED this 23rd day of February, 2026.

SUBMITTED BY:

RICHARD A.  LANZILLO
Chief United States Magistrate Judge

9