## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON M. URBASSIK,                    )
                                      )
    Plaintiff,            )
                                      )
    v.                    )          Case No. 1:25-CV-70
                                      )
VENANGO COUNTY PRISON, et al,         )
                                      )
    Defendants.           )


### MEMORANDUM ORDER

This action was received by the Clerk of Court on March 17, 2025. The matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

This matter was removed from the Venango County Court of Common Pleas to this Court by Defendants. Plaintiff, acting pro se, alleges that the named Defendants, Venango County Prison and the Venango County Court of Common Pleas, violated his constitutional rights in several ways beginning with his arrest. Plaintiff has been given several opportunities to amend his original complaint and this Court has reviewed all Plaintiff's filings.

On February 23, 2026, Judge Lanzillo issued a Report and Recommendation recommending that this matter be dismissed as legally frivolous and for failure to state a claim pursuant to the Court's screening authority under 28 U.S.C. § 1915(e). ECF No. 21. It was

1

further recommended that no further opportunities to amend the complaint be granted. Plaintiff filed Objections to the Report and Recommendation. ECF Nos. 22, 24.[1]

Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72(D)(2).

After *de novo* review of the complaint and all documents in the case, together with the Report and Recommendation and Objections thereto, the following order is entered:

AND NOW, this 19th day of March, 2026;

IT IS ORDERED that this matter be dismissed as legally frivolous and for failure to state a claim pursuant to the Court's screening authority under 28 U.S.C. § 1915(e). The Clerk is directed to mark this case as closed.

AND, IT IS FURTHER ORDERED that the Report and Recommendation of Chief Magistrate Judge Lanzillo, issued on February 23, 2026 [ECF No. 21] is adopted as the opinion of the Court.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

---

[1] Plaintiff requests generally that counsel be appointed in this matter. ECF No. 24. Local Civil Rule 10.C states that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after the dispositive motions have been resolved." *See also Parkell v. Danberg*, 833 F.3d 313, 340 (3d Cir. 2016) ("Appointing counsel for an indigent civil litigant is usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probably inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.") (cleaned up). Having reviewed all of Plaintiff's filings, this Court finds no special circumstances that would support the "appointment" of counsel in this civil rights actions.

2